## McALPIN v. NEWELL & CAMPBELL.

### October 5, 1839.

*Rule to show cause why the suit should not be dismissed.*

A. and B. were copartners indebted to C. A. was discharged under the insolvent laws, in 1834, the discharge including C.'s debt against the copartnership. In 1835, A. obtained, on proceedings in the Common Pleas under the 14th section of the act of 26th March, 1814, on the consent of a majority in number and value of his creditors, an order that he *should be released from all suits*, &c. for seven years. Subsequently, but within the seven years, C. issued a *capias ad respondendum* against A. and B., with an order to accept defendants' appearance. Both defendants, (B. never having been discharged

---

[a] Ante, p. 247.

[McAlpin v. Newell & Campbell.]

as an insolvent debtor) being arrested, gave respectively an *unconditional* appearance.   A. thereupon moved that the suit should be dismissed, *Held:*

1. That A. had waived his privilege, if he had any, and his motion was refused.

2. Of the difference as to the seven years exemption, under the acts of 1814 and 1836, relating to insolvents.

3. *Qu.?* In such a case, whether under the act of 1814, the copartner who had obtained the consent of a majority, &c. of his creditors, could claim an exemption from suit within the seven years, where the action against the defendants was on their joint contract.

THIS was a *capias ad respondendum* to September term, 1839, No. 343, in which Alexander B. McAlpin was the plaintiff, and Robert Newell and James Campbell were the defendants.   The sheriff was ordered to accept the appearance of defendants.

The debt, to recover which this suit was brought, was incurred prior to March, 1834.

Robert Newell, at the March term, 1834, of the Common Pleas of the County of Philadelphia, applied for the benefit of the insolvent laws of this Commonwealth: and was at that term of that court duly discharged as an insolvent debtor.   The plaintiff's name and claim were included in the schedule of debts returned, and his name is among those enumerated in the certificate of discharge.

Subsequently to his discharge, a majority in number and value of his creditors gave to this defendant their assent in writing, bearing date 20th July, 1835, that he should thenceforth stand released and discharged from all suits, and that the estate and property which he might thereafter acquire should be exempted from execution, for any debt contracted or cause of action created, previous to the time of his said discharge, for seven years thereafter, and that the Common Pleas should make the usual order under the act of assembly.

This assent, in writing, was duly submitted to that court, and an order was made by that court, on 22d Febuary, 1836, " That the said Robert Newell be released from all suits, and the estate and property he may hereafter acquire shall be exempted from execution, for any debt contracted or cause of action created, previous to his discharge, for seven years thereafter."

This suit was commenced by capias—bail $———, with an order to accept defendants' appearance.   Being arrested, both defendants gave an appearance, respectively.

[McAlpin v. Newell & Campbell.]

The defendant, Newell, before the return day of the writ, obtained this rule to show cause why this suit should not be dismissed.

*J. M. Scott*, for the rule.
*Randall*, contra.

The counsel cited act of 1814, (*Purd. Dig.* 56, 130) ; Act of 1836, (*Stroud's Purd. tit. Insolvents*) ; Boyer *v.* Rees, 4 *Watts* 401 ; Eckstein *v.* Shoemaker, 3 *Wha.* 15 ; 2 *Browne's Rep.* 135 ; *Gow. on Part.* 190.

PER CURIAM.—Several questions have been presented in the argument at the bar, all of which we do not deem it necessary to decide. If the defendant, Newell, had not submitted to the arrest, and had refused to give his appearance, he would have been entitled to a discharge under the general provisions of the insolvent law of the 26th March, 1814, on a proper application made to the court. But the question at issue here is whether, on his application, as the matter now stands, he is entitled to *have this suit summarily dismissed.*

His claim to this is founded on the 14th section of the act of 1814, relating to insolvents, which although declared unconstitutional in some of the federal courts, has been held binding on the courts of Pennsylvania. It may as well be remarked, as preliminary to the subject, that the act of 16th June, 1836, is materially different from that of 1814, as to the privilege in favour of insolvent debtors obtaining a consent of a majority, &c. of their creditors. The act of 1814 provides that the debtor may be "*released from all suits*" for seven years, while the act of 1836, (sect. 41) is limited to an exemption of the defendant's property from *execution* for a like period. Under each act, it is the duty of the judge of the court, from which the process issues, to set it aside on being satisfied of the consent of the creditors, according to the respective acts. (4 *Watts* 201.)

But the case before us falls within the provisions of the act of 1814, the defendant's *general* and *special* privileges as an insolvent debtor having occurred prior to the act of 1836. *First*, it is said that the defendant, being a partner, whose copartner had no privilege as an insolvent debtor, the cause of action being joint, could be *sued*, notwithstanding the provisions of the act of 1814,

29*

[McAlpin v. Newell & Campbell.]

and the principle which governs in the cases of outlawry or bankruptcy of one partner is said to apply. (*Gow* 190.)   We will not determine this question.   *Second,* it is said the defendant has waived his privilege, if he had any, by entering an appearance, not *de bene esse,* but absolutely to the action, and that it is too late now to ask the suit to be dismissed.   We think this view of the subject is correct.  A party may waive a privilege, and in this case the defendant has done so.   It is no answer that his appearance was obtained under the compulsion of an arrest.   He could have marked an appearance *de bene esse,* and then applied to the court for relief.   If the sheriff refused to accept it, he should have applied to a judge of this court, whose duty it is to grant relief, if the applicant is entitled to it.   The act specifically points out the mode of getting rid of the process, and the defendant should have followed it.   His privilege was then waived.   If he had entered special bail to the action, and suit had been brought against the bail, the latter could not make defence on the ground of his privilege.[a]   Nor would a defendant, who having been discharged under the insolvent laws, and taken in execution under a *capias ad satisfaciendum,* and who, instead of applying to the court in order to be freed from the arrest, pays the money to the sheriff, be entitled, on motion, to restitution of the money on the ground that he was entitled to an exemption from arrest.

Rule discharged.


[a] See Kensington Bank *v.* Wilkinson, ante, 166.